IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, ET AL,<br><br>Plaintiff,<br><br>v.<br><br>HERNANDEZ,<br><br>Defendant. | Case No. 00-cr-00654-CRB-6<br><br>**ORDER DENYING MOTION FOR A REDUCED SENTENCE UNDER 18 U.S.C. § 3582(C)(1)(A)** |

Defendant Tex Marin Hernandez moves for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). See Mot. (dkt. 1742). The Court denies Mr. Hernandez's motion because the Court is unable to find that Mr. Hernandez is not a danger to the community. The Court determines that there is no need for oral argument.

**I.   BACKGROUND**

On September 27, 2004, Mr. Hernandez pleaded guilty to one count of conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO). See Dkt. 1526. The conspiracy involved alleged acts of murder, crimes of violence, and drug distribution. See Mot. at 16; Opp. (dkt. 1748) at 1. Previously, Mr. Hernandez had been serving a life sentence for murder in California state custody. See Mot. at 17; Opp. at 1–2. Mr. Hernandez was writted to federal custody during the proceedings in this case. See Opp. at 2. Ultimately, this Court sentenced Mr. Hernandez to life in prison. See Mot. at 5. While in custody in 2012, Mr. Hernandez stabbed two staff members and two officers with a metal shank. See Opp. at 2.

On June 11, 2020, Mr. Hernandez wrote the warden of his facility requesting that the warden move to reduce Mr. Hernandez's sentence under 18 U.S.C. § 3582(c)(1)(A).

See Letter (dkt. 1742-2).  Mr. Hernandez did not receive a response.  See Decl. (dkt. 1742-1) ¶ 3.  On February 15, 2021, Mr. Hernandez moved for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A).  See Mot. at 19.

## II.   LEGAL STANDARD

The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., does not generally permit federal courts to "modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  Congress has provided certain exceptions to that rule.  As relevant here, a court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if certain procedural requirements are met and if "extraordinary and compelling reasons warrant such a reduction."

Before the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, a defendant could not bring a motion for compassionate release under § 3582(c).  Under the original compassionate release framework, enacted as part of the Comprehensive Crime Control Act of 1984, only the Director of the Bureau of Prisons could move for compassionate release on a defendant's behalf.  See 18 U.S.C. § 3582(c)(1)(A) (2017).

But effective December 2018, the First Step Act permits a defendant to move for relief under § 3582(c)(1)(A) if the defendant satisfies the statute's exhaustion requirements.  See First Step Act § 603(b)(1).  The defendant may bring a motion only once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The First Step Act did not alter the original framework's requirements that a court consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for a reduced sentence, see 18 U.S.C. § 3582(c)(1)(A), and that any sentence reduction under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A).

Before the First Step Act enabled defendants to bring their own motions for

compassionate release under § 3582(c)(1)(A), the Sentencing Commission promulgated a policy statement directing that a court may reduce a sentence under § 3582(c)(1)(A) only if the court finds that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2). Section 3142(g), in turn, requires courts to "take into account" four factors when determining the defendant's dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The policy statement refers to motions brought by the Director of the Bureau of Prisons, and not to motions brought by defendants, as defendants could not bring such motions when the policy statement was last amended. See U.S.S.G. § 1B1.13. Thus, it is not obvious whether the policy statement applies to motions brought by defendants. See United States v. Rekhi, No. 19-cr-00180-CRB-1, ECF No. 42 (N.D. Cal. Feb. 4, 2021).

Today, the Court need not resolve that question. Even if the policy statement applies only to motions brought by the Director of the Bureau of Prisons, the Court would not exercise its discretion to grant compassionate release to defendants who present a danger to the community.

### III.  DISCUSSION

The Court denies Mr. Hernandez's motion for a reduced sentence because the Court is unable to find that Mr. Hernandez is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The Court first considers "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g). Mr. Hernandez was convicted of RICO conspiracy involving conspiracy to commit murder and murder—extremely serious, violent crimes—and sentenced to life imprisonment. Next, the Court considers "the weight of the evidence" against Mr. Hernandez. 18 U.S.C. § 3142(g). There is no dispute that Mr. Hernandez committed the offenses charged, as he admitted when pleading guilty. The Court must also consider Mr.

Hernandez's "history and characteristics." Id.  Mr. Hernandez's prior conviction for murder and his stabbing of several prison employees only reinforce his dangerousness. The "nature" of the danger that Mr. Hernandez poses is extreme violence, and the "seriousness" of that danger is severe.  18 U.S.C. § 3142(g).  And Mr. Hernandez's age and illness do not overcome these concerns.  See Mot. at 16–18.

Because the Court concludes that Mr. Hernandez is a danger to the community, the Court need not address other issues raised by Mr. Hernandez's motion.[1]

## IV.    CONCLUSION

For the foregoing reasons, Mr. Hernandez's motion for a reduced sentence is denied.

**IT IS SO ORDERED.**

Dated: March 8, 2021.



CHARLES R. BREYER
United States District Judge

---

[1] For example, the Court need not address whether Mr. Hernandez has otherwise shown extraordinary and compelling reasons to reduce his sentence.  The Court notes that Mr. Hernandez satisfied § 3582(c)(1)(A)'s exhaustion requirements.  The Court also notes that the § 3553(a) factors would not support a reduced sentence given Mr. Hernandez's dangerousness.

4